Christopher J. Langley (SBN 258851)
chris@slclawoffice.com
**SHIODA, LANGLEY & CHANG LLP**
4158 14th St.
Riverside, CA 92501
T: 951-383-3388
F: 877-483-4434
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Eva Y. Neumann<br><br>                Debtor. | CHAPTER:   13<br>CASE:        2:21-bk-10030 WB<br><br>**DEBTOR'S REPLY TO CHAPTER 13 TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION; DECLARATION OF EVA Y. NEUMANN IN SUPPORT THEREOF**<br><br><u>Hearing Date and Time:</u><br><br>Date:       April 21, 2021<br>Time:       1:30 pm<br>Ctrm:       1375<br>Location:  255 East Temple Street<br>              Los Angeles, CA 90012<br>              (Videoconference) |

**TO THE HONORABLE JULIA BRAND, UNITED STATES BANKRUPTCY JUDGE; TRUSTEE; TRUSTEES ATTORNEY; AND ALL OTHER INTERESTED PARTIES:**

DEBTOR, Eva Yu Neumann hereby files this reply to Chapter13 Trustee's Objection to Debtor's Claim of Exemption.

# MEMORANDUM OF POINTS AND AUTHORITIES

I. **STATEMENT OF FACTS**

1. Debtor Eva Yu Neumann ("Debtor"), filed for Chapter 13 Bankruptcy protection on January 4, 2021.

2. Debtor and her daughter Jianying Wu ("Wu"), acquired equal ownership interests in the real property located at 661 W. Lemon Ave., Arcadia, CA 91007 ("the Property") by grant deed recorded on March 16, 2007. Attached as Exhibit 1 to Debtor's declaration.

2. Likewise, Debtor and Wu are managing members of Yukee Architectural Design, Corp. ("Yukee") a company is headquartered at the same address 661 W. Lemon Ave, Arcadia, CA 91007.

3. At all times since March 2007, Debtor has continuously resided at the Property as her sole and permanent place of residence.

4. On April 5, 2013, Debtor and Wu properly recorded a deed transferring title to Yukee (a copy of which attached as Exhibit 2 to Debtor's declaration), and Debtor continued to maintain sole possession of the Property as her primary residence throughout. Debtor is the managing member of Yukee, and operated the business from the Property in which she lived. Prior to filing the present case on January 4, 2021, Debtor and Yukee mutually executed a valid rescission deed intending to restore the original rights of ownership to all parties that day. Attached as Exhibit 3 to Debtor's Declaration. Debtor executed the rescission deed as the grantee, and Wu signed on behalf of Yukee. Debtor retained a copy of the executed rescission deed for subsequent recording. At the present time, Debtor and Wu have their original equal ownership interests in the Property.

II. **ARGUMENT**

    a. **Debtor is Entitled to the Entire Homestead Exemption of $600,000**

5. California's Homestead Exemption, which exempts a homestead from sale under the California Code of Civil Procedure §704.720, is designed to ensure insolvent debtors are not rendered homeless. *Amin v. Khazindar,* ( 2003) 112 Cal.App.4th 582. In the *Amin* matter, involving a decision by the Court on who has the ability to claim the homestead exemption, the Court further held the automatic homestead exemption is available when a party has continuously resided in a dwelling from the time that a creditors' lien attaches. *Id.* However, federal law limits a state law's exemption where the debtor acquired the property "during the 1215-day period preceding the date of the filing of the petition that exceeds $170,350." *11 USC §522(p)*. 1215 days amounts to approximately 3 1/3 calendar years. Here, Debtor and Wu, jointly purchased the property located at 661 W. Lemon Ave., Arcadia CA 91007 by grant deed recorded March 16, 2007, and Debtor immediately took possession and began to reside there. Debtor's occupation of the Property has been continuous and uninterrupted for close to 14 years prior to filing of this case. Debtor's continuous 13yr residency at the Property, since acquiring it in 2007, means she has resided in her Property outside of the 1215-day threshold set by 11 USC §522(p), therefore Debtor's automatic homestead exemption should not be limited to $170,350.

6. While the Debtor did convey title to the property to Yukee, Debtor continued to reside at the property through the 13 years prior to the filing of this case. In a California appellate case where the Court ruled in favor of a debtor's eligibility to claim the homestead exemption as a result of the home having been the debtor's principal residence, held that debtors who continuously reside in their dwellings retain a sufficient equitable interest to claim a homestead exemption even when title is conveyed to another, and explicitly agreed with prior decisions that have rejected the argument that title to property is necessary to claim a homestead exemption.

*Broadway Foreclosure Investments, LLC v. Tarlesson,* (2010) 184 Cal.App.4th 931. Debtor is the managing member in Yukee, and the company is headquartered at the Property where she also resides, thus the law recognizes Debtor's 13 years of continuously residing at the Property, notwithstanding the 2013 conveyance of title to her Yukee company, as creating equitable interests in the Property. Similar to the facts in Broadway, Debtor here acquired and then continuously resided in the Property for 13 years prior to bringing this action, in satisfaction of the requirements and limitations set for in 11 USC §522, therefore Debtor's homestead exemption should not be limited to $170,350.

7.   The conveyance of title in 2013 from Debtor to Yukee was intended to be restored to Debtor and Wu by the subsequent Rescission Deed, mutually agree upon and executed by Debtor, and Wu on behalf of Yukee, on January 4, 2021. California law is clear that an agreement or contract may be rescinded if all parties thereto consent. *CA Civ Code §1689*. Here, Debtor and Yukee agreed to cancel the 2013 grant deed, and restore each party's original rights and interests from 2013, thereby allowing Debtor and Wu to retain their original complete ownership interests in the Property, as was originally acquired in 2007.

8.   In California, acceptance by the grantee is "necessary to make a delivery effective and the deed operative." *Luna v. Brownell,* (2010) 185 Cal.App.4th 668. The rescission deed was executed by Debtor as the grantee, and by Wu on behalf of Yukee, and a copy was retained by Debtor to be subsequently recorded. Therefore, the retained copy of the executed rescission deed in this case by Debtor, with intent to record, displays acceptance, and also makes the deed operative. In another case where an issue addressing the effects of a rescission was raised, the California Supreme Court held that the purpose of rescission is "to restore both parties to their former position as far as possible." *Runyan v. Pac. Air Indus.,* (1970) 2 Cal.3d. 304. By executing the rescission deed, it follows the holding in *Runyan* that the Debtor and Yukee be

restored to their former position from 2013, which in this case means restoration of Debtor's ownership interests originally acquired 13 years prior in March 2007, which is beyond the 3 1/3-year threshold required by 11 USC §522 to limit a homestead exemption to $170,350.

9. Therefore, notwithstanding the 2013 conveyance to Yukee, Debtor purchased and continuously resided in the Property for close to 14 years since 2007, which establishes that she acquired the property more than 1215 days prior to filing the current case. The subsequent execution of the January 4, 2021 rescission deed, consented to by Debtor and Yukee, intended to restore all prior property rights to Debtor and Yukee, thereby restoring all original ownership rights acquired in the original purchase of the Property in 2007. By acquiring and continuously residing in the Property since 2007, well over 3/13 years, added with the subsequent rescission deed, Debtor satisfies the requirements of 11 USC §522, and should not be limited to the homestead exemption of $170,350., but rather the full homestead exemption of $600,000.

III. **CONCLUSION**

Debtor entreats the Court to overrule Trustee's Objection, and enter an Order granting Debtor's Homestead Exemption of $600,000.

Date: 4/6/2021                                        Respectfully Submitted,

                                                      /s/Christopher J. Langley
                                                      Shioda Langley & Chang LLP

## Declaration of Eva Yu Neumann

I, Eva Yu Neumann, declare that I am over 18 year and make the following declaration based on my personal knowledge:

1. I filed for Chapter 13 bankruptcy protection on January 4, 2021 and was assigned case number 2:21-bk-10030 WB.

2. I reside at 661 W. Lemon Ave., Arcadia, CA 91007 (the "Property"). I bought the Property with my daughter Jianying Wu in March of 2007. A true and correct copy of the Grant Deed by which we acquired the Property as Exhibit 1. I have resided in the Property as my primary residence since 2007. I do not have any other homes. I listed the property in the Schedule A/B filed in my case and have claimed a $600k exemption in the Property.

3. I am also a managing member of Yukee Architectural Design Corp ("Yukee") with my daughter as well. The business address is also 661 W. Lemon Ave, Arcadia, CA 91007. On April 5, 2013, my daughter and I agreed to transfer title of my home to our company Yukee, but I continued to live there the whole time. A copy of the Grant Deed recorded on April 5, 2013, transferring the Property to Yukee is attached as Exhibit 2.

4. On January 4, 2021, my daughter, Yukee, and I agreed to rescind the title transfer of 2013 to Yukee. We signed a rescission deed to return title from Yukee back to my daughter Jianying Wu and I, as we previously had when we bought it in 2007. It was my intention to receive my original title rights to the Property at the time I executed the rescission deed on January 4, 2021. My daughter Jianying Wu signed the rescission deed on behalf of Yukee. Both my daughter and I signed the rescission prior to the filing of the bankruptcy case. A Copy of the signed rescission deed is attached as Exhibit 3.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and was executed on the 6th day of April 2021, at Los Angeles, California.

_____
Eva Yu Neumann, Declarant

# Exhibit 1

 **This page is part of your document - DO NOT DISCARD** 



**20070590306**  Pages: 002

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

03/16/07 AT 08:00AM

Fee: 34.00
Tax: 743.60
Other: 0.00
Total: 777.60

Modify

**TITLE(S):  DEED**





LEAD SHEET

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.    Number of AIN's Shown



E364171    **THIS FORM IS NOT TO BE DUPLICATED**

Southland Title Corporation

**RECORDING REQUESTED BY:**

Escrow No 303765-JJ
Title Order No 17090288

When Recorded Mail Document
and Tax Statement To:
MS EVA YU NEUMANN
10938 Basye St #B
El Monte CA 91780

03/16/07

**20070590306**

APN: 5785-010-014

# GRANT DEED

SPACE ABOVE THIS LINE FOR RECORDER'S USE

The undersigned grantor(s) declare(s)
Documentary transfer tax is $ 743.60
[ X ] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale,
[ ] Unincorporated Area   City of ARCADIA

**FOR A VALUABLE CONSIDERATION**, receipt of which is hereby acknowledged, KENNETH R. FOX, a Married Man,

hereby **GRANT(S) to** EVA YU NEUMANN, a Single Woman and JIANYING WU, a Single Woman, all as Joint Tenants

the following described real property in the City of ARCADIA
County of Los Angeles, State of California:

See Exhibit "A" attached hereto and made a part hereof

5785-010-014

DATED. February 28, 2007

STATE OF CALIFORNIA
COUNTY OF    Los Angeles
ON    03-07-07    before me,
KE JIA WAN, Notary Public personally appeared
Kenneth R. Fox**

KENNETH R. FOX

personally known to me (or proved to me on the basis
of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that
by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument

Witness my hand and official seal.

Signature



KE JIA WAN
COMM # 1442320
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
COMM EXP. SEPT. 28, 2007

**MAIL TAX STATEMENTS AS DIRECTED ABOVE**

FD-213 (Rev 9/94)                    GRANT DEED

17090288

ORDER NO. 17090288

EXHIBIT "A"

Lot(s) 41 of Tract No. 4869, in the City of Arcadia, County of Los Angeles, State of California, as per map recorded in Book 52 Page(s) 13 of Maps, in the Office of the County Recorder of said County.

Except that portion described as follows:

Beginning at the Southeasterly corner of said Lot 41; thence along the Easterly line of said Lot, North 117.16 feet; thence parallel with the Southerly line of said Lot, West 127.36 feet; thence South 0°11'20" West, 24.24 feet; thence South 25°16'40" East, to a point in the Southerly line of said lot, said point being 83.48 feet West of the point of beginning; thence along said Southerly line, East 83.48 feet to the point of beginning.

Also except the Northerly 75 feet of said Lot 41, measured at right angles to the Northerly line of said Lot.

Also except that portion described as follows:

Beginning at the Southwesterly corner of said Lot; thence Northerly along the Westerly line of said Lot to the Southerly line of the Northerly 75.00 feet (measured at right angles to the Northerly line of said Lot); thence Easterly along said last mentioned Southerly line to the Easterly line of the Westerly 17.00 feet of said Lot 41; thence Southerly along said last mentioned Easterly line to the beginning of a tangent curve concave Northeasterly having a radius of 15.00 feet and being tangent at its Southerly terminus to the Southerly line of said Lot; thence Southeasterly along said last mentioned curve to its point of tangency with the Southerly line of said Lot 41; thence Westerly along the Southerly lines of said Lot 41 to the point of beginning of this description.

# Exhibit 2

# EXHIBIT A

**This page is part of your document - DO NOT DISCARD**

## 20130511959



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**04/05/13 AT 10:56AM**

| | |
|---|---:|
| FEES: | 22.00 |
| TAXES: | 495.00 |
| OTHER: | 0.00 |
| PAID: | 517.00 |

**LEADSHEET**

201304050060003

00007508562

004770358

SEQ:
01

DAR - Counter (Upfront Scan)

**THIS FORM IS NOT TO BE DUPLICATED**

E407482

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

YUKEE ARCHITECTURAL DESIGN CORP
536 W. Camino Real
Arcadia, CA 91007



04/05/2013

*20130511959*

THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is $ 495.00**
[ ] computed on full value of property conveyed, or
[X] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Arcadia **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Eva Yu Neumann, a Single Woman and Jianying Wu, a Single Woman as Joint Tenants**

hereby GRANT(s) to:

**YUKEE ARCHITECTURAL DESIGN CORP., a California Corporation**

the real property in the City of Arcadia, County of Los Angeles, State of California, described as:

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF

Also Known as: 661 West Lemon Avenue, Arcadia, CA 91007
AP#: 5785-010-014

DATED April 2, 2013
STATE OF CALIFORNIA
COUNTY OF   LOS ANGELES
On   4/2/2013 AND   4/3/2013
before me,   ALINA T. CHU ,
A Notary Public in and for said State personally appeared
    EVA YU NEUMANN ON   4/3/2013
    JIANYING WU   ON   4/2/2013
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Eva Yu Neumann

Jianying Wu

ALINA T. CHU
COMM. # 1871782
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMM. EXPIRES DEC. 18, 2013

Signature _____   (Seal)
MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

Order Number: **4095864**
Page Number: 10

EX HIBIT "A"

## LEGAL DESCRIPTION

Real property in the City of Arcadia, County of Los Angeles, State of California, described as follows:

LOT(S) 41 OF TRACT NO. 4869, IN THE CITY OF ARCADIA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 52 PAGES(S) 13 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THAT PORTION DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEASTERLY CORNER OF SAID LOT 41; THENCE ALONG THE EASTERLY LINE OF SAID LOT, NORTH 117.16 FEET; THENCE PARALLEL WITH THE SOUTHERLY LINE OF SAID LOT, WEST 127.36 FEET; THENCE SOUTH 0°11'20" WEST, 24.24 FEET; THENCE SOUTH 25°16'40" EAST, TO A POINT IN THE SOUTHERLY LINE OF SAID LOT, SAID POINT BEING 83.48 FEET WEST OF THE POINT OF BEGINNING; THENCE ALONG SAID SOUTHERLY LINE, EAST 83.48 FEET TO THE POINT OF BEGINNING.

ALSO EXCEPT THE NORTHERLY 75 FEET OF SAID LOT 41, MEASURED AT RIGHT ANGLES TO THE NORTHERLY LINE OF SAID LOT.

ALSO EXCEPT THAT PORTION DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWESTERLY CORNER OF SAID LOT; THENCE NORTHERLY ALONG THE WESTERLY LINE OF SAID LOT TO THE SOUTHERLY LINE OF THE NORTHERLY 75.00 FEET (MEASURED AT RIGHT ANGLES TO THE NORTHERLY LINE OF SAID LOT); THENCE EASTERLY ALONG SAID LAST MENTIONED SOUTHERLY LINE TO THE EASTERLY LINE OF THE WESTERLY 17.00 FEET OF SAID LOT 41; THENCE SOUTHERLY ALONG SAID LAST MENTIONED EASTERLY LINE TO THE BEGINNING OF A TANGENT CURVE CONCAVE NORTHEASTERLY HAVING A RADIUS OF 15.00 FEET AND BEING TANGENT AT ITS SOUTHERLY TERMINUS TO THE SOUTHERLY LINE OF SAID LOT; THENCE SOUTHEASTERLY ALONG SAID LAST MENTIONED CURVE TO ITS POINT OF TANGENCY WITH THE SOUTHERLY LINE OF SAID LOT 41; THENCE WESTERLY ALONG THE SOUTHERLY LINES OF SAID LOT 41 TO THE POINT OF BEGINNING OF THIS DESCRIPTION.

APN: 5785-010-014

# MASSACHUSETTS NOTARY ACKNOWLEDGMENT

THE COMMONWEALTH OF MASSACHUSETTS

COUNTY OF WORCESTER

On this 4TH of JANUARY, 2021, before me, NICOLE A CARLISLE (name of notary public), JIAN YING WU (name of document signer) personally appeared and proved to me through satisfactory evidence of identification, which were PERSONAL knowledge, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily for its stated purpose.

(as partner for _____, a partnership)

(as CEO for YUICEE, a corporation)
ARCHITECTURAL DESIGN CORP.

(as attorney in fact for _____, the principal)

(as _____ for _____, (a) (the) _____)

*Nicole A Carlisle*

Notary Public Signature

(Seal)

Page 1 of 1

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of LOS ANGELES

On 1/4/2021 before me, Alina Chu,
A Notary Public personally appeared Eva Yu Neumann

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

ALINA CHU
COMM. # 2222767
NOTARY PUBLIC • CALIFORNIA
LOS ANGELES COUNTY
Comm. Exp. DEC. 18, 2021

(Seal)

# Exhibit 3

**RECORDING REQUESTED BY:**
Eva Yu Neumann
661 W. Lemon Ave.
Arcadia, CA 91007

**WHEN RECORDED MAIL TO:**
Eva Yu Neumann
661 W. Lemon Ave.
Arcadia, CA 91007

APN: 5785-010-014                    Address: 661 W. Lemon Ave. Arcadia, CA  91007

## RESCISSION DEED

**THE UNDERSIGNED GRANTOR DECLARES UNDER PENALTY OF PERJURY THAT THE FOLLOWING IS TRUE AND CORRECT:**

DOCUMENTARY TRANSFER TAX IS: $0.00.
Not a sale, no consideration, rescission of prior deed.

This rescission of a transfer of real property relates back to its formation and dissolves the transfer as though it had never been made. (Long v. Newlin (1956) 144 Cal. App.2d 509). Once the original deed is rescinded, the parties are placed in the same position they stood in before the original deed was executed, since the effect of the rescission is to extinguish the original deed. SBE Ann. 220-0595. Thus, when the parties record a rescission deed, the assessor's office restores the base year value of the original transferor as of the date of recordation of such rescission deed. SBE Ann. 220-0599.

**WHEREAS**, EVA YU NEUMANN, a Single Woman and JIANYING WU, a Single Woman as joint tenants, executed a Grant Deed dated April 2, 2013 in favor of YUKEE ARCHITECTURAL DESIGN CORP., a California Corporation as Grantee, and recorded the Grant Deed as Document Number 20130511959 of Official Records in the office of the County Recorder of Los Angeles, California (the "original Grant Deed"), a copy of which is attached hereto as Exhibit A and incorporated herein by this reference; and

**WHEREAS**, pursuant to California Civil Code section 1689(a), YUKEE ARCHITECTURAL DESIGN CORP., a California Corporation agrees to rescind its agreement pertaining to the transfer of the original Grant Deed with the effect of voiding the transfer ab initio as though the Original Grant Deed had never been executed and recorded (as provided in California Civil Code section 1688).

**NOW THEREFORE,** GRANTOR, YUKEE ARCHITECTURAL DESIGN CORP., a California Corporation, hereby REMISES, RELEASES AND FOREVER QUITCLAIMS to: EVA YU NEUMANN, a Single Woman and JIANYING WU, a Single Woman as joint tenants, the following described real property in the County of Los Angeles, State of California, more particularly described as **661 W. Lemon Ave. Arcadia, CA 91007, further described as APN: 5785-010-014.**

This Rescission Deed is given and accepted as such in order to rescind the original Grant Deed executed by EVA YU NEUMANN, a Single Woman and JIANYING WU, a Single Woman as joint tenants, executed a Grant Deed dated April 2, 2013 in favor of YUKEE ARCHITECTURAL DESIGN CORP., a California Corporation as Grantee, and recorded on April 5, 2013 as Document Number 20130511959 of Official Records in the office of the County Recorder of Los Angeles, California, and it shall be effective as of and retroactive to April 5, 2013.

Dated: 1/4/21

Grantor,

_____
JIANYING WU, CEO of YUKEE
ARCHITECTURAL DESIGN CORP., a
California Corporation

The Undersigned Grantees hereby accept the foregoing Rescission Deed:

Grantees,

Dated: 1/4/21

_____
JIANYING WU

_____
EVA YU NEUMANN

2